STATE OF MINNESOTA                      DISTRICT COURT

COUNTY OF HENNEPIN                FOURTH JUDICIAL DISTRICT

---

CASE TYPE: CIVIL

John Doe,

                                 Court File No.:

       Plaintiff,

                                   **SUMMONS**

v.

The Minnesota State High School League, St. Thomas Academy

                    Defendant.

---

       **THIS SUMMONS IS DIRECTED TO**: The above-named Defendants.

       1. **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiffs' Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

       2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer, within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

               Lee A. Hutton, III
               **THE HUTTON FIRM, PLLC**
               **333 South Seventh Street**
               **Suite 2150**
               **Minneapolis, Minnesota 55402**

       3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiffs' Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.



**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

THE HUTTON FIRM, PLLC

Dated: September 9, 2025

/s/ Lee A. Hutton, III
Lee A. Hutton, III (Atty No. 0327992)
SPS Tower
333 South Sixth Street
Suite 2150
Minneapolis, Minnesota 55402
Lhutton@thehuttonfirm.com
612-805-4619
**Attorneys for Plaintiffs**

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

CASE TYPE: CIVIL

John Doe,

        Plaintiff,

v.

The Minnesota State High School League, St. Thomas Academy

        Defendant.

Court File No.:

**COMPLAINT**

For their Complaint, Plaintiff "Doe" state as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for injunctive relief, declaratory relief, and money damages arising out of the injury and damage sustained by Doe because of the unconstitutional vagueness and arbitrary application of the Minnesota State High School League ("MSHSL") Bylaws.

2. Plaintiffs seek relief from Defendants for improperly denying Doe, a student, of eligibility for varsity athletics. Under Minnesota law, varsity eligibility is a constitutionally protected property right, part and parcel of a student's right to an education, and which cannot be taken away without due process. Due to the vagueness and arbitrary application of the Bylaws by the Defendants Doe was denied a constitutionally protected right without due process. Given that the Defendants are not an administrative body under Minnesota law and are not governed by the Administrative Procedure Act ("APA"), no deference should be afforded the Defendants' actions

or Bylaws by this Court.

3. Plaintiff brings this action not only for money damages but also for the following express purposes: a) to obtain a temporary restraining order preventing Defendants from determining that Doe is ineligible for varsity athletics and thereby allowing Doe to participate in varsity athletics; b) to obtain additional injunctive relief permanently enjoining Defendants from barring Doe from participating in varsity athletics and thereby allowing Doe to participate in varsity athletics; c) to obtain a declaration that the vagueness of the Bylaws renders them unconstitutionally void; d) to obtain a declaration that the arbitrary application of the Bylaws by the Defendants was and is unconstitutional and violates Doe's and other students' constitutionally protected rights; and e) to obtain a declaration that no deference be given to Defendants' actions by this Court.

3. Doe also brings an action against St. Thomas Academy ("STA") in their capacity as a member school of the Defendant MSHSL for negligence in making statements about Doe's eligibility with MSHSL when he transfers schools.

## II.   JURISDICTION AND PARTIES

4. Plaintiff is a resident of the State of Minnesota.

5. Defendant MSHSL is a resident of Minnesota and located in Brooklyn Park, Minnesota, County of Hennepin. Defendant the Minnesota State High School League ("the League") is a domestic non-profit corporation formed under Minn. Stat. § 317A, with the Minnesota Secretary of State.

6. Defendant St. Thomas Academy ("STA") is a school located in the State of Minnesota and doing business as a member school of the MSHSL.

## III.   FACTUAL ALLEGATIONS

7. Doe is a student in the twelfth grade currently enrolled at Apple Valle High School ("AVHS"). Doe transferred to AVHS before the fall term of 2025 from the St. Thomas Academy ("STA").

8. Although Doe originally went to STA, Doe's family has strong ties to AVHS where is father is employed.

9. Doe had certain academic problems at STA[1] which were not immediately diagnosed as mental health related issues.

10. STA's environment was not suitable for Doe to excel academically.

11. Doe's parents were concerned that he was not achieving his full potential due to his underperforming on tests and the lack of an academic plan.

12. Doe struggled and eventually faced a disciplinary action[2] related to academic struggles.

13. In 2024, the STA board voted to expel Doe from school.

14. For all purposes of the MSHSL decision, there was no evidence address the due process of the decision.

15. However, the STA Principal, Ragatz, spoke with Doe's parents offering them the option to leave STA without a conclusion of expulsion on his transcript ensuring that he would have a smooth transition to AVHS. See Exhibit A, Email Document from STA School.

16. After discussion the matter with his parents, Doe decided to transfer to AVHS.

17. At AVHS, Doe planned on continuing his education and continue participating in Varsity sports.

---

[1] The Defendants would not dispute the academic rigor of STA.
[2] The Court record and Doe is not in possession of documents articulating the reasons of any STA decision and/or findings, conclusions or otherwise that discuss due process, the decision makers, or information to determine the merits of any allegations.

3

27-CV-25-16606
CASE 0:25-cv-03821-MJD-DTS    Doc. 1-1    Filed 10/01/25    Page 6 of 18
Filed in District Court
State of Minnesota
9/10/2025 12:08 PM

18. Indeed, Doe was receiving interest from college athletic programs to continue his education and athletic play.

19. Like many students, Doe also wanted to be eligible to play varsity athletics at AVHS and inquired if this would be possible considering his transfer. In fact, STA would not have any eligibility restrictions.

20. Doe and his family relied upon the representations of STA that he would have no problems with his transfer as there were exceptions that would allow for his transfer. In fact, STA represented to Doe that:

> From: **Hornung, Reed** <rhornung@cadets.com>
> Date: Thu, Feb 6, 2025 at 9:36 AM
> Subject: Re: XXXXXXXX- MSHSL Appeal Follow Up
> To: XXXXXXXXXXXXXXX
>
> Hi AJ,
>
> Good to hear from you, I hope you and your family are doing well. I spoke with the MSHSL briefly again about the situation and there was really no progress being made. You guys would have to move residence outside of your current school boundaries in order to gain eligibility. I am happy to keep advocating, but I am starting to feel like there is not much that can be done at this point. I am sorry to be the bearer of bad news but I will always be transparent about what is going on.
>
> Thank you,
>
> _____
>
> **Mr. Reed Hornung** | Director of Athletics & Activities
>
> **Saint Thomas Academy**
>
> 949 Mendota Heights Road | Mendota Heights, MN 55120
>
> email: rhornung@cadets.com | phone: (651) 683-1509

See Id., Exhibit A.

Also, Mr. Hornug Stated:

Yes, I would send the letter to any and all at the league office, if that is what you would like to do. You should be able to find information on their website. I will say, their typical response would be to work with your current school (AV) first. **Also, the "not in good**

4

*standing" is a phrase used if there is still an outstanding suspension to be served. I would like to reassure you, they do not make eligibility decisions based on that standing. It is a common language used and did not impact his eligibility.* What impacted his eligibility was leaving his school, transferring to another school and not changing residence. Now, we know there is more to that story, but for the MSHSL it's a cut and dry situation, changing schools with no move ineligible.

I hope this helps. Please give XXXXXX my best!

**Mr. Reed Hornung** | Director of Athletics & Activities
**Saint Thomas Academy**
949 Mendota Heights Road | Mendota Heights, MN 55120
email: rhornung@cadets.com | phone: (651) 683-1509

See Exhibit A.

    STA confusingly represented to Doe's family that they should move residence to become eligible.[3]

    21. Specifically, the MSHSL and STA caused Doe to open his personal and confidential medical records available to the strangers running the MSHSL...the board of directors and staff.

    22. The appeal process involves submitting documents to the member school to "represent" or "advocate" for eligibility. The members schools do not have attorneys or individuals that are graced with the powers of labor negotiations. Instead, the member schools have duties to the MSHSL.

    23. Doe and his parents were never fully informed of the specific rules and their application.

    24. Doe and his parents were misinformed about the process and often felt lost and alone.

---

[3] This is disturbing if MSHSL allows moving families to obtain eligibility as it would discriminate from families that are not financially able to pick up their home and move.

5

25. Unfortunately, Doe received the representation from STA that the MSHSL would approve the transfer and eligibility.

26. Eventually, Doe transferred and enrolled in AVHS school.

27. After transferring, Doe was told that MSHSL Bylaw 111 required that AVHS and STA determine that Doe was ineligible for varsity athletics ("the Ineligibility Determination"). Doe was informed that this Ineligibility Determination could be appealed to the MSHL by the member schools if it agreed there was a sound basis under the Bylaws for Doe to be eligible.

28. Doe and his parents met with the activities director from the schools to discuss Doe's options in response to seek eligibility. The members schools fully explained Doe's anticipated purpose behind the transfer and agreed to support Doe's appeal of the Ineligibility Determination.

29. An Application to Appeal drafted by a members school for Eligibility Determination was made in late 2024 to the MSHSL.

30. A true and accurate copy of the Application to Appeal an Eligibility Determination is attached as Exhibit B.

31. The member schools STA and AVHS were in full support of Doe's appeal for eligibility. See Exhibit A.

32. Despite the clear academic purpose of the transfer and the support of both member schools, the appeal was denied by the board initially with no fully written explanation.

33. Doe was told by the MSHSL through the member schools that he must meet an exception to the transfer rule that would require him to seek a medical evaluation for diagnosis of mental health. Id. Exhibit B. Here, the transfer application only stated that "the review request to be insufficient. Current information does not fulfill the documentation requirements according to

Bylaw 111. Id. Noticeable, the MSHSL failed to identify any statement of "good standing" or reference to the rule.

34. Nonetheless, Doe appeared before a licensed medical practitioner who drafted and supported with medical support for reasons to find him eligible under the MSHSL rule as was told to him by the member schools to meet eligibility.

35. After filing multiple requests that were denied by the MSHSL. The MSHSL never provided written reason or evidence that showed or tended to show that the MSHSL had strongly considered any of the submissions given to it by Doe. Doe eventually sought counsel.

36. Based upon the comments from the MSHSL's reasons for denial, Doe resubmitted his request with medical authority. See Exhibit C, Letter to MSHSL from counsel.

37. Ultimately, the MSHSL stated that Doe was ineligible now because he was not in "Good Standing" when he unenrolled from the STA.

38. Understandably, Doe was shocked and surprised by the MSHSL that determination that Doe was not in good standing.

39. For instance, Doe was academically eligible to play sports at AVHS. Doe was able to enroll in AVHS without issue. Doe's official school transcript does not mention any expulsion.

40. The MSHSL found inappropriately that Doe was not in good standing.

41. Even further, the conclusion of good standing is unfortunately at the when member schools can conclude a standing of a student with little accuracy or legitimate reason.

42. During the appeal process, the MSHSL uses their board members to decide eligibility. The board members do not have the best interest of the students in mind but utilize the appeal procedures to protect their rules and operations of the MSHSL.

43. The MSHSL through counsel finally submitted their determination recommendation from the Board concerning Doe's appeal of his Ineligibility Determination. See Exhibit D, Email from Attorney Kevin Beck. This was the first time Doe learned of good standing requirement. Unfortunately, Doe did not have an opportunity to present evidence to dispute the lack "good standing" finding.

44. Doe was denied full participation in Varsity sports.

45. Doe has already missed two Varsity games in his senior campaign. There are 7 games left including the playoff game.

46. Doe potentially will lose all opportunity to seek academic and athletic pursuits if a TRO is not granted.

47. Ironically, Doe only has a couple of months of ineligibility which would be served during a season outside of football.

48. However, the MSHSL fails to consider the best interests of Minnesota children and are not fully capable of managing state-wide sports, NIL discussions, and reviewing medical records of Minnesota youth.

49. The members schools such as STA had the duty to fully ensure that Doe understood the transfer requirements and complications with the transfer. STA failed in their duty to Doe causing irreparable damages. It has also come to Doe's attention that STA has made disparaging remarks to college coaches so that he would not be successful in obtaining college scholarship. Now they are using their power with the MSHSL to ensure Doe would fail.

50. STA further misled and was negligent in the appeal process failing to admit that the "expulsion" was retracted by agreement that should be honored by the MSHSL as STA is an agent of them.

8

## COUNT ONE
## 42 U.S.C. § 1983 – Fourteenth Amendment Violations Against All Defendants
## Defendant MSHSL

51. Doe realleges the allegations contained elsewhere in this Complaint as though fully set forth in this Count.

52. The actions of the MSHSL described in this Complaint in barring Doe from eligibility in varsity athletics were under color of state law and constituted violations of Doe's due process rights under the Fourteenth Amendment to the United States Constitution. These actions by the MSHSL also violated Minn. Stat. § 128C et. al. As a result of these violations, Doe is entitled to relief pursuant to 42 U.S.C § 1983.

53. Defendant MSHSL maintains a policy or practice of determining varsity eligibility based on an unpublished MSHSL interpretation of the Bylaws functioned as a de facto rejection imposed upon Doe whose transfer to take of Minnesota's open enrollment and who transferred for conditions which were agreed to by both
the sending and receiving schools.

54. The public has no notice[4] that the Bylaws will be interpreted contrary to their clear and unambiguous meaning. Even so, the Member School provide negligent advice on issues of eligibility.

---

[4] Minnesota Statue 128C.03 PROCEDURES. The league shall adopt procedures to ensure public notice of all eligibility rules and policies that will afford the opportunity for public hearings on proposed eligibility rules. If requested by 100 or more parents or guardians of students, the public hearing must be conducted by an administrative law judge from the Office of Administrative Hearings, by a person hired under contract by the Office of Administrative Hearings, or by an independent hearing officer appointed by the commissioner of education from a list maintained for that purpose. At the conclusion of a hearing requested by 100 or more parents or guardians of students, the person conducting the hearing shall write a report evaluating the extent to which the league has shown that the proposed rule is needed and reasonable and the legality of the proposed rule. The league shall pay for hearings under this section.

55. The public has no meaningful and legitimate access to previous examples of MSHSL enforcement, such as past eligibility decisions, to understand MSHSL interpretation of its Bylaws.

56. The MSHSL could publish its interpretations in its yearly eligibility brochure, but does not do so.

57. In short, the public has no notice that the Bylaws or the decision for ineligibility will be interpreted three different ways by the MSHSL throughout the course of appealing an ineligibility determination.

58. Therefore, the Defendant MSHSL's actions, interpretations, and enforcement of the Bylaws as well as the wording of the Bylaws themselves constitute violations of Doe's due process rights under the Fourteenth Amendment to the United States and Minnesota Constitution. As a result of these violations, Doe is entitled to relief.

59. Doe has a constitutionally protected property interest in being eligible to participate in varsity athletics.

60. Defendant MSHSL acted with recklessness or indifference to Doe's constitutional property right in education[5].

61. Doe's constitutionally protected property interests have been taken away by Defendants.

---

[5] The Minnesota State Constitution guarantees a right to education and property rights through separate clauses, though a direct "property right in education" is not explicitly stated. The state's Education Clause mandates a "general and uniform system of public schools" and requires the legislature to provide for an adequate, thorough, and efficient education for all students, establishing education as a fundamental state duty. Concurrently, Article 13, Section 1 of the Minnesota Constitution protects private property by requiring "just compensation" when it's taken for public use through eminent domain.

62. As a direct and proximate cause of the action or inactions of Defendants, Doe has suffered significant social, emotional, and educational harm and has been damaged in an amount to be determined at trial.

63. Plaintiffs are entitled to recovery of their costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

65. Doe therefore request and demand that an order issue compelling the MSHSL to allow Doe to participate in varsity athletics and are entitled to monetary damages in an amount to be determined at trial.

### COUNT TWO
### Breach of Contract by the MSHSL
### Defendant MSHSL

66. Doe realleges the allegations contained elsewhere in this Complaint as though fully set forth in this Count.

67. A contract existed between Doe and the League by virtue of Doe signing an "Eligibility Statement" wherein Doe and the MSHSL agreed to abide by the MHSL's Bylaws.

68. Doe has complied with every provision of the MSHSL's Bylaws.

69. The MSHSL is the drafter of the Bylaws, and as a non-profit corporation has an contractual obligation to abide by its Bylaws.

70. The MSHSL has failed or refused to comply with its own Bylaws in determining Doe to be ineligible and has thereby breached its contract with Doe.

71. If the Court determines that the Bylaws are ambiguous, said ambiguity is to be interpreted against the MSHSL, as drafter.

72. Doe therefore requests and demand that an order issue compelling the MSHSL to allow Doe to participate in varsity athletics and are entitled to monetary damages in an amount to be determined at trial.

## COUNT THREE
### Breach of Fiduciary Duty
### All Defendants

73. Doe realleges the allegations contained elsewhere in this Complaint as though fully set forth in this Count.

74. The MSHSL has a contractual relationship with its member schools.

75. Doe is a third-party beneficiary of that contractual relationship, whose interest is the ability to be eligible for varsity athletics.

76. Defendant MSHSL have a duty to Doe to comply with the MSHSL Bylaws concerning the eligibility of Doe and other students.

77. Defendant MSHSL have failed or refused to comply with the MSHSL Bylaws in determining Doe to be ineligible and this constitutes a breach of their fiduciary duties.

78. As a direct and proximate cause of the Defendants breach of their duties, Doe has been harmed.

79. Doe therefore requests and demands that an order issue compelling the MSHSL to allow Doe to participate in varsity athletics and are entitled to monetary damages in an amount to be determined at trial.

## COUNT FOUR
### Violation of Minn. Stat. §§ 128C.22 and 471.705
### Defendant MSHSL

80. Doe realleges the allegation contained elsewhere in this Complaint as though fully set forth in this Count.

81. Pursuant to Minn. Stat. § 128C.22, the League is subject to the open meeting law as stated in Minn. Stat. § 471.705, which requires all meetings including executive sessions of any committee or subcommittee shall be open to the public and that the votes on any action taken at such a meeting shall be made public and recorded in a journal.

82. Under Minn. Stat. § 317A.461, subd. 1, as a non-profit corporation the MSHSL is required to keep minutes of meetings of committees.

83. Thus, Doe and the public at large had a right to be present to an open meeting of the executive committee which discussed Doe's case. No notice of any public meeting was given.

84. In addition, Doe has a right to access the journal meeting notes which were taken at that executive committee meeting however no access has been given despite the Data Practices Act which in part specifically requests all documentation in possession of the League as it relates to Doe.

85. Defendant MSHSL had a duty to abide by the statutes, and Plaintiffs had a reasonable expectation that Defendant MSHSL would abide by this statute.

86. Due to this non-disclosure and lack of notice, Defendant MSHSL has violated Minn. Stat. § 128C.01 and § 471.705.

87. As a direct and proximate result of this violation Plaintiffs have been injured.

88. Doe is therefore entitled to an order declaring that Defendant MSHSL violated Minn. Stat. § 128C.01 and § 471.705 and for monetary damages in an amount to be determined at trial.

### COUNT FIVE
### Violation of Minn. Stat. § 128C.03
### Defendant MSHSL

89. Doe realleges the allegation contained elsewhere in this Complaint as though fully set forth in this Count.

90. Minnesota Statute § 128C.03 provides that the MSHSL "shall adopt procedures to ensure public notice of all eligibility rules ….".

91. In this case, the multiple unpublished interpretations by the MSHSL regarding the Bylaws directly violate this statute, as Plaintiffs had no notice the Bylaws regarding eligibility would be interpreted according to an unwritten and constantly shifting standard.

92. Defendants had a duty to abide by this statute, and Plaintiffs had a reasonable expectation that Defendants would abide by this statute.

93. As a direct and proximate result of violating this Plaintiffs have been injured.

94. Plaintiffs therefore request and demand that an order issue compelling the MSHSL to allow Doe to participate in varsity athletics and are entitled to monetary damages in an amount to be determined at trial.

## COUNT SIX
### Negligence
### Defendant STA

95. Doe realleges the allegation contained elsewhere in this Complaint as though fully set forth in this Count.

96. Defendant STA had a duty to ensure that Doe and other students have a correct understanding of the MSHSL rules and bylaws;

97. Defendant STA breached their duty to Doe when they informed him that he would meet the transfer exception rule by submitting medical records of mental health related issues.

98. In this case, the STA's actions caused irreparable harm resulting in Doe being found ineligible.

99. Doe had damages that are permanent and extraordinary.

100. As a direct and proximate result of violating this Plaintiffs have been injured.

101. Doe therefore requests and demands that an order issue compelling the MSHSL to allow Doe to participate in varsity athletics based on the negligence of STA and are entitled to monetary damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

Therefore, Plaintiff respectfully request that this Court:

1. Exercise jurisdiction over this action;

2. Declare that students in Minnesota have a constitutionally protected right to be eligible to participate in varsity athletics;

3. Declare that W.D.'s right to be eligible in varsity athletics was taken away by the Minnesota State High School League;

4. Declare that the MSHSL do not give the public adequate notice as to the deprivation of a constitutionally protected right;

5. Declare that the Minnesota State High School League's enforcement of its Bylaws subject students to de facto ineligibility when they transfer for academic reasons or when the schools agree a student should be eligible in violation of those students' constitutional rights and permanently enjoin the Minnesota State High School League from this practice;

6. Grant Plaintiffs' request for a Temporary Restraining Order preventing Defendants from barring or otherwise preventing W.D. from being eligible for varsity athletics at Lakeville North High School and granting eligibility to W.D. to participate in varsity athletics;

7. Issue a Preliminary Injunction preventing Defendant Minnesota State High

School League from barring or otherwise preventing Doe from being eligible for varsity athletics at Apple Valley High School and granting eligibility to Doe to participate in varsity athletics;

8.   Provide permanent injunctive relief, preventing Defendant Minnesota State High School League from barring or otherwise preventing Doe from being eligible for varsity athletics at Apple Valley High School and granting eligibility to Doe to participate in varsity athletics;

9.   Award compensatory damages against all Defendants, including costs and attorney's fees as appropriate, for all counts alleged above; and

10.   Provide such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**THE HUTTON FIRM, PLLC**

Dated: September 9, 2025

*/s/ Lee A. Hutton, III*
Lee A. Hutton, III (#0327992)
333 South Seventh Street
Suite 2150
Minneapolis, Mn 55402
(612) 805-4619
lhutton@thehuttonfirm.com
***ATTORNEY FOR JOHN DOE***

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes to the party against whom the allegations in this pleading are asserted.

Dated: September 9, 2025.                                         */s/ Lee A. Hutton, III*